GARRISON, Judge.
This is an appeal from a judgment of the district court granting to plaintiff’s widow[1] *1202 damages in the amount of $10,748.40, for a fracture of the right arm resulting in 10 to 15% permanent disability, sustained by plaintiff on December 31, 1975, when he slipped on human vomit and fell while attempting to exit a bus operated by defendant, New Orleans Public Service, Inc., hereinafter “N.O.P.S.I.”. From that judgment, which we affirm defendant appeals.
On the date of the accident, Mr. Minkos boarded the bus at St. Claude Avenue. Two or three young boys or girls and Mr. Minkos were the only passengers on the bus. The bus driver made an unauthorized stop at a pay phone and made a lengthy, personal telephone call. Plaintiff was “tired of waiting” and attempted to leave the bus from the rear exit door, but the rear door was locked. Mr. Minkos then attempted to exit the bus from the front door, but fell on the offending substance on the bus floor.
On appeal, N.O.P.S.I. raises two specifications of error:
1. The trial judge erred in assessing the credibility of the witnesses testimony.
2. The trial judge erred in not finding the decedent contributorily negligent.
The instant case was tried by deposition but for the testimony of one witness, Mrs. Rose Perez. Mrs. Perez and her sister-in-law, Cheryl Perez, were leaving a bakery near the bus when they heard Mr. Minkos’ cries for help and observed him on the ground near the front steps. They also observed the bus driver, who was still talking on the telephone. Mrs. Perez observed vomit on the floor of the bus near the driver’s seat and on the two front steps. The trial judge concluded that the bus driver, Shirley Hamilton was not a reliable witness and found Rose Perez credible.
Appellant argues that Mr. Minkos was contributorily negligent in failing to hold onto the handrail when leaving the bus. Mr. Minkos stated:
“I headed for the rails, I headed for the rails of the bus behind — opposite the driver facing the exit. I headed for the rail, the vertical rails, but I didn’t make it. I fell backwards.”[2]
The bus driver testified that the noxious substance was only on the front two steps, whereas Mrs. Perez testified that it was also behind the bus driver’s seat. In light of the trial judge’s finding that Mrs. Perez is the more credible witness, it is more probable that the substance was indeed behind the bus driver’s seat. Accordingly, Mr. Minkos would not be barred by contributory negligence for failure to hold onto the handrail where he fell prior to reaching the location of the handrail. In light of the evidence presented, we cannot conclude that the trial judge was manifestly erroneous in his factual determinations. Canter v. Koehring Co., 283 So.2d 716 (La.1973), Arceneaux v. Domingue, 365 So.2d 1330 (La., 1979). N.O.P.S.I. has not appealed the question of damages.
For the reasons discussed, the judgment of the district court is affirmed.
AFFIRMED.

. Mr. Minkos died shortly before trial; his widow was substituted. Mr. Minkos’ deposition was entered into the record,

. Minkos Deposition, Page 29.